UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELECTRIC MIRROR, LLC,

                                        Plaintiff,

            v.

AVALON GLASS AND MIRROR CO.
and GLASSWERKS LA, INC.,

                                        Defendants.

Case No. 16-0665-RAJ

**ORDER**

This comes before the Court on Defendants' Motion to Compel.  Dkt. # 87.
Plaintiff opposes the Motion.  Dkt. # 90.

**I.      BACKGROUND**

Plaintiff Electric Mirror, LLC ("Electric Mirror" or "Plaintiff") filed a Complaint
against Defendants, Avalon Glass and Mirror Co. and Glasswerks LA, Inc., on May 9,
2016.  Dkt. # 1.  On March 8, 2018, Avalon deposed James "Doc" Mischel.  Dkt. # 94.
The parties dispute almost every fact related to this deposition, including whether James
"Doc" Mischel was or is the owner of Electric Mirror.  Dkt. #87 at 1; Dkt. # 90 at 2.
Mischel's deposition was conducted at an Electric Mirror facility and was one of five
depositions scheduled for that day.  Dkt. # 91 Ex. A.  The deposition began at 3:12 p.m.
and ended at 4:01 p.m., when the facility closed for the night.  Dkt. # 94 Ex. B.
Defendants allege that Electric Mirror agreed that the deposition would be completed on

ORDER - 1

a later date, prior to starting the deposition.  Plaintiff contends that the parties never agreed to continue Mischel's deposition, and that Defendants' attempt to depose Mischel is a second deposition and not a continuation of the first one.  Plaintiff further contends that they offered to start Mischel's deposition on a different day or move it to a different locations after the facility closed, but Defendants declined.  The parties submit opposing declarations to support their contentions, as well as emails and the deposition transcript.

## II.    DISCUSSION

The Court has broad discretion to control discovery.  *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).  The Court, however, must limit discovery where it can be obtained from some other source that is more convenient, less burdensome, or less expensive, or where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues."  Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

Defendant argues that Plaintiff failed to comply with the meet-and-confer requirements of LCR 37(a)(1).  Local Rule 37(a)(1) provides that, "[a]ny motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action."  W.D. Wash. Local Civ. R. 37(a)(1).  The Court finds that the emails submitted by Defendants evidence an effort to discuss the deposition at issue and their disagreement regarding the facts relevant to this Motion. Dkt. # 89 Ex. A.  The emails specifically reference the deposition in question, the parties' disagreement regarding that deposition, and a possible motion to compel. Therefore, the meet-and-confer requirement of the Local Rules has been met.

ORDER - 2

Plaintiff's other arguments in response to Defendants' motion rely mainly on their contention that Mischel's deposition would constitute a second deposition and not a continuation of the initial deposition, specifically arguing that Defendants fail to make the required showing that a second deposition is necessary or proportional. However, this argument requires a finding that there was no agreement between the parties to continue Mischel's deposition at a later date.

The Court finds that the evidence indicates that some sort of agreement regarding the continuation of Mischel's deposition and that the deposition sought by Defendants would not constitute a second deposition. Plaintiff's arguments regarding the implications of Defendants' actions are unpersuasive. There is no support for Plaintiff's contention Defendants intentionally began Mischel's deposition without intending to finish it at a later date just because they did not agree to reconvene the same day or because they knowingly scheduled five depositions for one day. Is it clear from the transcript that the deposition was not yet complete, in fact, it was stopped at Plaintiff's request in the middle of Defendants' question. Dkt. # 94 Ex. B ("At least two? Okay. Would – " "Can we go off the record for just a second?"). It is also reasonable to assume that Defendants scheduled five deposition in one day for logistical reasons due to an impending discovery deadline. Plaintiff's arguments regarding proportionality are similarly unpersuasive. Plaintiff argues that it would be unfair for Mischel to sit for a "second deposition" because he has already been examined on the "material issues". The Court makes no ruling on what issues are material to this case, but even a cursory read of the transcript shows no indication that Mischel's examination was either thorough or complete.

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Compel. Dkt. # 87. Plaintiff is **ORDERED** to produce James "Doc" Mischel for the completion of his deposition within seven days of the entry of this Order, at a time and location that is mutually agreeable to both parties. The Court acknowledges Plaintiff's desire to

ORDER - 3

avoid retracing ground covered in the first deposition, especially considering that discovery is now closed. As such, Defendants are **ORDERED** not to repeat topics covered in the first deposition unless the questions are directed toward follow-up of questions already asked and answered.

Dated this 23rd day of July, 2018.

The Honorable Richard A. Jones
United States District Judge