UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELECTRIC MIRROR, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AVALON GLASS AND MIRROR CO. and GLASSWERKS LA, INC., <br><br> Defendants. | Case No. 16-0665-RAJ <br><br> **ORDER** |

This comes before the Court on Plaintiff's Motion to Compel. Dkt. # 96. Defendants oppose the Motion. Dkt. # 100. Federal Rule of Civil Procedure 37(a)(1) and LCR 37(a)(1) require the parties to meet and confer prior to filing a motion for an order compelling discovery. The former provides, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The latter provides:

> (1) *Meet and Confer Requirement*. Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification,

ORDER - 1

> the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

W.D. Wash. Local Civ. R. 37(a)(1). This Court's Standing Order also requires that counsel contemplating the filing of a motion "shall first contact opposing counsel to discuss *thoroughly*, preferably in person, the *substance* of the contemplated motion *and any potential resolution*."

The Court and Federal and Local Rules have this requirement to minimize waste of judicial time and resources on issues that could be resolved amongst the parties. After reviewing the parties' submissions, it is clear that the issues between the parties are exactly the type of issues that the meet-and-confer requirement is tailored to address. There is no indication that the parties discussed the substance of the contemplated motion or any potential resolution. There is also no indication that the parties attempted in good faith to resolve the dispute without court action. As the parties have failed to meet and confer prior to the filing of this Motion, Plaintiff's Motion to Compel is **DENIED**. Dkt. # 96. Further, the Court has low tolerance for gamesmanship in discovery matters and finds that the sanction of attorney fees in this matter is unnecessary at this time, but may be inclined to do so in the future. Defendants' request for attorney's fees associated with responding to this Motion is **DENIED.**

Dated this 14th of August, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER - 2