The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELECTRIC MIRROR, LLC, a Washington limited liability company,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AVALON GLASS AND MIRROR CO., a California corporation,<br><br>　　　　　　Defendant. | CASE NO. 2:16-CV-00665-RAJ<br><br>PROPOSED JOINT PRETRIAL ORDER |

## I.　　JURISDICTION

Jurisdiction is proper in the United States District Court Western District of Washington under 28 U.S.C. § 1332, because Electric Mirror, LLC, does not share citizenship with Avalon Glass and Mirror Co. and the amount in controversy exceeds $75,000. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this judicial district.

## II.  CLAIMS AND DEFENSES

Electric Mirror accepts the prior rulings of the Court, and it reserves its appellate rights regarding past rulings adverse to EM. Based on the status of the case, EM intends to pursue at trial the claims and defenses summarized as follows:

<u>Claims</u>

1. Breach of Express Warranty: Free from Defects, Normal Handling
2. Breach of Express Warranty: Fitness for a Particular Purpose
3. Breach of Implied Warranty: Fitness for a Particular Purpose
4. Breach of Contract
5. Negligence

<u>Affirmative Defenses to Avalon's Counter Claims</u>

1. Setoff
2. Unjust Enrichment
3. Equitable Estoppel

Avalon anticipates presenting the following claims and affirmative defenses at trial:

<u>Avalon's Affirmative Defenses to Electric Mirror's Claims:</u>

1. Comparative Fault of Plaintiff
2. Comparative Fault of Third Parties
3. Modifications of Product
4. Misuse of Product
5. Failure to Provide Notice
6. Mitigation of Damages

<u>Avalon's Consolidated Claims:</u>

1. Breach of Contract
2. Quantum Meruit

AGREED PRETRIAL ORDER
CASE NO. 2:16-CV-00665-RAJ

Page 2

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

  3. Account Stated

  4. Open Book Account

### III. ADMITTED FACTS

Jointly admitted facts material to Electric Mirror's case:

1. None

Jointly admitted facts material to Avalon's case:

  2. Electric Mirror withheld $245,639.27 in payment on invoices unrelated to the Mandalay Bay project (the "Unpaid Invoices"), as a setoff to sums it alleges are owed to Electric Mirror from Avalon.

  3. The Unpaid Invoices were issued between December 9, 2015 and April 12, 2016.

  4. Electric Mirror asserts affirmative defenses of setoff, unjust enrichment, and equitable estoppel as a basis to withhold payment of Unpaid Invoices.

### IV. ISSUES OF LAW

A. **Electric Mirror anticipates the following issues of law will be presented at trial.**

1. Whether Avalon is liable to Electric Mirror under the express warranty of fitness for buyer's intended use in the Electric Mirror Purchase Orders applicable to mirror sales, when it knew Electric Mirror was purchasing the mirrors for use at a MGM hotel in Las Vegas. RCW 62A.2-313.

2. Whether Avalon is liable to Electric Mirror under the express warranty of the Electric Mirror Purchase Orders that the mirrors would be free from defects in materials and workmanship. RCW 62A.2-313.

3. Whether Avalon is liable to Electric Mirror when Avalon's description of MirroView or express affirmations or promises related to MirroView became a basis for Electric Mirror to purchase MirroView from Avalon. RCW 62A.2-313

4. Whether Avalon is liable to Electric Mirror under the implied warranty of Fitness for Particular Purpose when Avalon had reason to know of the particular purpose for which Electric Mirror was purchasing the mirrors and

AGREED PRETRIAL ORDER Page 3 Ellis | Li | McKinstry
CASE NO. 2:16-CV-00665-RAJ  Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

Electric Mirror was relying on Avalon's skill or judgment to select or furnish suitable goods. RCW 62A.2-315.

5. Whether Avalon's sales of MirroView mirrors to Electric Mirror were subject to the express factual representations made by Avalon or stated in the literature of Pilkington North America, when Avalon provided such materials or representations to Electric Mirror before selling MirroView mirrors to Electric Mirror. 62A.2-313.

6. Whether Electric Mirror was reasonably induced into accepting defective MirroView mirrors due to Avalon's assurances or by the difficulty in discovering the nonconformity. RCW 62A.2-608.

7. Whether Avalon is a merchant of mirror product and whether MirroView was fit for the ordinary purpose of hotel bathroom mirror. RCW 62A.2-314.

8. Whether Electric Mirror notified Avalon of defects within a reasonable time. RCW 62A.2-607(3).

9. Whether Electric Mirror properly rejected certain mirrors from Avalon. RCW 62A.2-602.

10. Whether Avalon is liable to Electric Mirror for direct damages when Avalon breached contractual and implied duties to Electric Mirror by selling defective and damaged products to Electric Mirror. RCW 62A.2-714

11. Whether Avalon is liable to Electric Mirror for consequential and incidental damages when Avalon breached contractual and implied duties to Electric Mirror by selling defective and damaged products to Electric Mirror. RCW 62A.2-714; 62A.2-715.

12. Whether Avalon was negligent in handling Mirrors it manufactured for Electric Mirror and delivered to Electric Mirror.

13. Whether Electric Mirror's admitted debt of $245,639.27 to Avalon is setoff against the damages to Electric Mirror arising from Avalon's breach.

B. **Avalon anticipates the following issues of law will be presented at trial.**

1. Whether Avalon is liable to Electric Mirror for breach of an express warranty regarding goods being free from defects in materials and workmanship and in conformity with Electric Mirror's specifications.

AGREED PRETRIAL ORDER
CASE NO. 2:16-CV-00665-RAJ
Page 4
Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

2. Whether Avalon is liable to Electric Mirror for the allegedly defective design of MirroView in the absence of any express or implied warranty against design defects.

3. Whether Avalon is liable to Electric Mirror for breach of an express warranty that its product would be fit for Electric Mirror's intended use.

4. Whether Avalon is liable to Electric Mirror for breach of an implied warranty that its product would be fit for Electric Mirror's intended use.

5. Whether Electric Mirror notified Avalon of alleged defects within a reasonable time.

6. Whether Electric Mirror relied on Avalon's skill or judgment to select or furnish suitable goods.

7. Whether Electric Mirror properly rejected and/or revoked its acceptance of Avalon's products.

8. Whether Electric Mirror's alleged damages were proximately caused, in whole or in part, by the acts of Electric Mirror.

9. Whether Electric Mirror's alleged damages were caused, in whole or in part, by the acts of others, including but not limited to Electric Mirror.

10. Whether Electric Mirror failed to mitigate its alleged damages.

11. Whether Electric Mirror is liable to Avalon for breach of contract for failing to pay for delivered product.

12. Whether Electric Mirror is liable to Avalon for quantum meruit/unjust enrichment for the value of delivered product never paid for.

13. Whether Electric Mirror is liable to Avalon for accounts stated or upon an open book account for product delivered but never paid for.

14. Whether any amounts owed by Electric Mirror to Avalon should be set off against any amounts owed by Avalon to Electric Mirror.

AGREED PRETRIAL ORDER
CASE NO. 2:16-CV-00665-RAJ
Page 5
Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

## V.     EXPERT WITNESSES

A.     Each party shall be limited to one expert witness on the issue of liability pertaining to MirroView and the parties handling of the mirrors, and one expert witness on the issue of damages.

B.     The names and addresses of the expert witnesses to be used by each party at the trial and the issue upon which each will testify is:

1. *On behalf of Plaintiff, Electric Mirror:*

   **Richard McCurdy,** 11803 50th Ave Ct. NW, Gig Harbor, WA 98332 Dr. McCurdy may be called on the issues related to MirroView.

   **Douglas McDaniel,** 11100 NE 8th St. #400, Bellevue, WA 98004. Mr. McDaniel may be called on damages.

2. *On behalf of Defendant, Avalon Glass and Mirror Co.:*

   **Keith Cline,** 700 South Industrial Way, Seattle, WA 98108. Mr. Cline may be called on the issues related to MirroView.

   **William Partin,** 400 108th Ave N.E. Suite 615, Bellevue WA 98004. Mr. Partin may be called on damages.

## VI.     OTHER WITNESSES

A. The following witnesses are likely to testify on behalf of the Plaintiff:

**James Mischel Jr**., 2112 N 64th St., Seattle, WA 98103

Mr. Mischel co-founded Electric Mirror in 1998, is the sole owner, and currently serves as its CEO. He may testify to the company's history and its place in the hospitality industry; processes of creating an electric mirror for high end hotels; relationship with Avalon prior to and during the Mandalay Bay project; early communications with Avalon and Avalon's representations pertaining to MirroView; selection and use of Pilkington MirroView products from Avalon for the Mandalay Bay project; model rooms; discovering defects in the products built for Mandalay Bay; travel to Las Vegas to observe the defects and initiation of remedial efforts in

AGREED PRETRIAL ORDER
CASE NO. 2:16-CV-00665-RAJ         Page 6

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

1  July 2015 in Las Vegas; discovery of the latent defects in MirroView and overall
2  process of the rebuild from September 2015 through March 2016; financial impact
3  relating to the defects and damages during the rebuild time period; as well as other
4  subjects that are relevant to this lawsuit.

5  **Don Jacques**, 15614 30th Ave. SE, Mill Creek, WA 98012

6  Mr. Jacques was Electric Mirror's COO during relevant times and may testify
7  regarding Electric Mirror's discovery of the MirroView defects and efforts to mitigate
8  Electric Mirror's loss and other remedial efforts; observations of defective products in
9  Las Vegas and Everett; communications among the parties and MGM personnel;
10 Avalon's products, quality control, handling, and delivery procedures; damages and
11 other financial impacts on Electric Mirror relating to the defects and damage; as well
12 as other subjects that are relevant to this lawsuit.

13 **Brett Kinney**, 25917 36th Ave. NW, Stanwood, WA  98292

14 Mr. Kinney was Electric Mirror's Director of Business Operations during
15 relevant times and may testify regarding Electric Mirror's history with Avalon and
16 its personnel; the history of Avalon recommending and selling MirroView to Electric
17 Mirror before the Mandalay Bay project; Electric Mirror's Business Operations
18 during relevant times, communications among the parties before, during and after
19 the project;  defects in the Mirrors and remedial efforts; payments for Avalon
20 products, and damages, including financial impact relating to the defects and
21 damage, as well as other subjects that are relevant to this lawsuit.

22 **Michael Andrich**, 24120 State Rt. 9 NE, Arlington, WA 98223

23 Mr. Andrich was Electric Mirror's Director of Global Sourcing during relevant
24 times and may testify regarding communications among the parties, quality control
25 at Avalon, defects in Avalon products, damage, and remedial efforts, Electric Mirror
26 quality control, handling, and delivery procedures, and damages, including financial

27

AGREED PRETRIAL ORDER  Page 7
CASE NO. 2:16-CV-00665-RAJ

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

1  impact relating to the defects and damage; as well as other subjects that are relevant
2  to this lawsuit.
3      **Steve Edelman**, 3520 158th Pl SE, Bothell, WA 98012
4      Mr. Edelman served as Electric Mirror's Quality Improvement Manager
5  during relevant times and may testify regarding communications among the parties,
6  quality control at Avalon, number of defective mirrors in EM's possession, defects,
7  damage, and remedial efforts, and quality control, handling, and delivery
8  procedures; as well as other subjects that are relevant to this lawsuit.
9      **Jon Johnston**, 12118 Possession Lane, Edmonds, WA 98026
10     Mr. Johnston was Electric Mirror's Senior Vice President for sales during
11 relevant times and may testify regarding Electric Mirror's markets, products and
12 sales process, model rooms, the impact of the rework on EM sales team and sales
13 from Q3 2015 through the present; as well as other subjects that are relevant to this
14 lawsuit.
15     **Irving Bernal**, 17556 5th Ave. NE, Shoreline, WA 98155
16     Mr. Bernal served as Quality Control Supervisor for Electric Mirror during
17 relevant times and may testify regarding the parts and process necessary to build an
18 electric mirror; his experiences with MirroView and processes affecting the
19 Mandalay Bay first build, rework and rebuild; the evolution of quality control at
20 Electric Mirror; and the number of defective MirroView mirrors in Electric Mirror's
21 possession; as well as other subjects that are relevant to this lawsuit.
22     **Bill Schoonover**, 14250 Lake Hills Blvd, Bellevue, WA 98007
23     Mr. Schoonover served as Electric Mirror's Customer Service and Warranty
24 Manager during the relevant times and may testify regarding the discovery of
25 MirroView defects, communication with MGM, defects, damage, and remedial
26
27

efforts, in Las Vegas and Everett, quality control, and delivery procedures; as well as other subjects that are relevant to this lawsuit.

**Eddie Nellis**, 12212 NE 97th St, Kirkland, WA 98033

Mr. Nellis served as Production Manager and Service Technician for Electric Mirror during relevant times and may testify regarding processes for building an electric mirror; model rooms, production standards; discovering defects at Mandalay Bay; inspecting and replacing mirror at Mandalay Bay; remedial efforts at Advantage Warehouse in Las Vegas and the Mandalay Bay; number of mirrors rejected because of scratches; go-back rooms inspection, process, and quantity of rooms; quality control in Las Vegas and changes in inspection process; description of Mandalay Bay hotel rooms; process of shipping back defective product to Electric Mirror; number of defective mirrors in Electric Mirror's possession; knowledge of timeline relating to hotel construction projects; as well as other subjects that are relevant to this lawsuit.

**Janet Bartlett**, 10727 NE 164th Ln., Bothell, WA 98011

Ms. Bartlett served as a Controller at Electric Mirror during the relevant times and may testify regarding Electric Mirror's internal business processes and data retention system, EPICOR; provide summaries of data and records relevant to Electric Mirror's damages, including among others: cost of glass, shipping, storage, materials, labor, and supplies as well as other subjects that are relevant to this lawsuit.

**James Curnew**, 1131 E. Marine View Dr., Everett, WA 98201

Mr. Curnew served as a Mainline Lead during relevant times and may testify regarding the parts and process necessary to build an electric mirror; his personal knowledge of MirroView and the heightened quality control during the Mandalay Bay rebuild; the process of receiving defective product from Mandalay Bay and

AGREED PRETRIAL ORDER
CASE NO. 2:16-CV-00665-RAJ

Page 9

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

salvaging mirror to be reshipped to Mandalay Bay; as well as other subjects that are relevant to this lawsuit.

**Doug McDaniel**, 11100 NE 8th St #400, Bellevue, WA 98004

Mr. McDaniel may testify regarding Electric Mirror's lost opportunity damages. His testimony will address his methodology and the data relied on for determining Electric Mirror's direct and consequential damages resulting from Defendants' delivery of defective and damaged product. His analysis will consider causes of lost production, the volume of lost production, revenue per unit, and variable costs resulting in a likely total net revenue loss of $1-$4 million; as well as other subjects consistent with his reports.

**Richard McCurdy**, 11803 50th Ave Ct. NW, Gig Harbor, WA 98332

Mr. McCurdy may testify regarding the latent defects in Mirroview™ mirrors as used for the Mandalay Bay project, including its susceptibility to micro-scratching and impacts of light on the visibility of those micro-scratches; applicable standards for inspection and handling; the evidence establishing that visible damage on the mirrors that MGM and Electric Mirror rejected was likely caused by Avalon; and the ways Mirroview™ technical and marketing materials contribute to its unsuitability; as well as other subjects consistent with his reports.

The following witnesses may testify on behalf of the Defendant:

**Jennifer Ziegler**, 9604 180th St SE #A, Snohomish, WA 98296

Ms. Ziegler served as the Purchasing Manager at Electric Mirror during relevant times. She may testify regarding Electric Mirror's business processes and data retention system, EPICOR; communications among the parties, payments for Avalon products, and order and delivery procedures; as well as other subjects that are relevant to this lawsuit.

AGREED PRETRIAL ORDER
CASE NO. 2:16-CV-00665-RAJ
Page 10
Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

**Tashia Wampler**, 2417 Maple St., Everett, WA 98201, regarding processing of mirror on the line for Mandalay Bay project, and quality control for original build and rework; as well as other subjects that are relevant to this lawsuit.

**Edwin Boyd,** 5636 26th Ave. SW, Seattle, WA 98106, regarding research and development of MirroView product, and testing Avalon products; as well as other subjects that are relevant to this lawsuit.

**Patrick Erickson**, 13740 27th Ave NE, Seattle, WA 98125, regarding design of mirror for Delano project, design of mirror for Mandalay Bay, compliance with governmental regulation regarding mirror product; as well as other subjects that are relevant to this lawsuit.

**Robert Hernandez**, 14705 Meadow Rd., Lynnwood, WA 98087

Mr. Hernandez served as the Manager of Inside Sales at Electric Mirror during relevant times and may testify regarding the life cycle of sales of mirror products to Electric Mirror customers; the sales positions at Electric Mirror and how projects and future sales suffered due to the Mandalay Bay rebuild; escalations of frustrated clients during the rebuild period as well as other subjects that are relevant to this lawsuit.

**Travis Boyd**, 14612 60th Pl. W., Edmonds, WA 98026

Mr. Boyd served in Residential Sales during relevant times and may testify regarding the impact of the rebuild on Electric Mirror's residential clientele and orders; as well as other subjects that are relevant to this lawsuit.

**Douglas Finefrock**, 2116 Northlake Ave., Snohomish, WA 98290

Mr. Finefrock served in the sales department during relevant times and may testify regarding impact of rework on EM's sales staff, and impact of Mandalay Bay rebuild on existing orders during the same period of rework; as well as other subjects that are relevant to this lawsuit.

AGREED PRETRIAL ORDER  
CASE NO. 2:16-CV-00665-RAJ

Page 11

Ellis | Li | McKinstry  
Market Place Tower  
2025 First Avenue, Penthouse A  
Seattle, WA 98121-3125  
206.682.0565  Fax: 206.625.1052

**James (Doc) Mischel**, c/o Ellis, Li & McKinstry, PLLC,

Mr. Mischel co-founded Electric Mirror with his son in 1998 and served in a variety of roles in 2015. He may testify regarding communication with Avalon regarding MirroView; defects, damage, quality control, remedial efforts, handling, and delivery procedures; as well as other subjects that are relevant to this lawsuit.

**Others**. Electric Mirror reserves the right to present at trial the testimony of witnesses for whom Electric Mirror has designated their deposition testimony as required by the rules of this Court. Electric Mirror further reserves the right to supplement this witness list and to solicit testimony from all witnesses called to testify by Avalon. Current deposition designations include:

| Date | Deponent | Transcript |
| --- | --- | --- |
| 12/7/2017 | Jeff Wurzell | As marked electronically 10/1/2018 |
| 12/8/2018 | Robert Mastrapa | As marked electronically 10/1/2018 |
| 1/4/2018 | Robert House | As marked electronically 10/1/2018 |
| 1/4/2018 | Baris Kaiser | As marked electronically 10/1/2018 |
| 3/12/2018 | Genaro Martinez | As marked electronically 10/1/2018 |
| 3/12/2018 | Gerald Materi | As marked electronically 10/1/2018 |
| 3/12/2018 | Jorge Nuno | As marked electronically 10/1/2018 |
| 3/21/2018 | Neil McSporran | As marked electronically 10/1/2018 |
| 3/21/2018 | Patrick Gallagher | As marked electronically 10/1/2018 |
| 7/6/2018 | Randy Steinberg | As marked electronically 10/1/2018 |

B. The following witnesses are likely to testify on behalf of the Defendant: Avalon currently anticipates that the following witnesses **WILL** testify at trial:

1. Jeff Wurzell c/o Chuck Rullman, Corr Downs PLLC, 100 W. Harrison Street, Suite N440, Seattle, WA 98119, and Rudy Englund, Lane Powell PC, 1420 Fifth Avenue, Suite 4200, Seattle, WA 98101: Mr. Wurzell is the General Manager for Avalon. Among other subjects, he will testify regarding Avalon's experience and business practices in the glass and mirror processing industry; ordering, handling, processing, and sales of MirroView; Electric Mirror's ordering of products, including

AGREED PRETRIAL ORDER  
CASE NO. 2:16-CV-00665-RAJ

Page 12

Ellis | Li | McKinstry  
Market Place Tower  
2025 First Avenue, Penthouse A  
Seattle, WA 98121-3125  
206.682.0565  Fax: 206.625.1052

MirroView; Avalon's sourcing, processing, inspection, and shipment of MirroView to Electric Mirror; his communications and interactions with Electric Mirror regarding the Mandalay Bay project; Electric Mirror's ordering and failure to pay for $245,639.27 in custom mirror products; and all other subjects that are relevant to this lawsuit.

2.     Randy Steinberg c/o Chuck Rullman, Corr Downs PLLC, 100 W. Harrison Street, Suite N440, Seattle, WA 98119, and Rudy Englund, Lane Powell PC, 1420 Fifth Avenue, Suite 4200, Seattle, WA 98101:  Mr. Steinberg will testify concerning his limited role in orally negotiating the pricing for MirroView sold by Avalon to Electric Mirror beginning in January, 2015, and all other subjects that are relevant to this lawsuit.

3.     Genaro Martinez c/o Chuck Rullman, Corr Downs PLLC, 100 W. Harrison Street, Suite N440, Seattle, WA 98119, and Rudy Englund, Lane Powell PC, 1420 Fifth Avenue, Suite 4200, Seattle, WA 98101: Mr. Martinez is the Office Manager for Avalon. Among other subjects, he will testify regarding Electric Mirror's ordering of products, including MirroView; his communications and interactions with Electric Mirror; Electric Mirror's ordering and failure to pay for $245,639.27 in custom mirror products; and all other subjects that are relevant to this lawsuit.

4.     Gerald Materi c/o Chuck Rullman, Corr Downs PLLC, 100 W. Harrison Street, Suite N440, Seattle, WA 98119, and Rudy Englund, Lane Powell PC, 1420 Fifth Avenue, Suite 4200, Seattle, WA 98101:   Mr. Materi is the Shipping Supervisor at Avalon.   Among other subject, he will testify regard Avalon's inspecting, packaging, and shipping of mirrors to customers, including Electric Mirror, and all other subjects that are relevant to this lawsuit.

5.     Leif Ortegren, 34 Raymond Heights, Petaluma, CA 94952: Mr. Ortegren is a former sales representative for Pilkington. Among other subjects, he will testify

AGREED PRETRIAL ORDER
CASE NO. 2:16-CV-00665-RAJ
Page 13
Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

1  concerning his experience as a sales representative in the glass and mirror industry;
2  sales of the MirroView product; his personal observations of the uses and
3  functionality of MirroView; his interactions, communications with, and visits to
4  Electric Mirror's facilities in December 2014, December 2015, and January 2016; and
5  all other subjects that are relevant to this lawsuit.

6        6.     Neil McSporran, Ph.D., 2401 E Broadway St, Northwood, OH 43619:Dr.
7  McSporran is a Manager of Business Development / Architectural & Technical
8  Services at NSG Pilkington. Among other subjects, he will testify concerning
9  Pilkington's development, marketing, and sale of MirroView; his visits to the Avalon
10 and Electric Mirror facilities in 19 December 2015 and January 2016; and all other
11 subjects that are relevant to this lawsuit.

12       7.     Allen Beeman, c/o Jason Donovan, Foster Pepper PLLC, 1111 3rd Ave
13 #3000, Seattle, WA 98101: Mr. Beeman is a former Vice President of Operations at
14 Electric Mirror. He will testify regarding Electric Mirror's experience with the
15 MirroView product prior to the Mandalay Bay project; the selection of the MirroView
16 product for the Mandalay Bay project; the fabrication of mirrors by Electric Mirror
17 for the "model rooms" at the Mandalay Bay; the processing of MirroView mirrors for
18 the first build of the Mandalay Bay project; and all other subjects that are relevant to
19 this lawsuit.

20       8.     Tashia Wampler, 2417 Maple St., Everett, WA 98201: Ms. Wampler is an
21 employee of Electric Mirror. She is anticipated to testify regarding the receipt,
22 inspection, processing, and assembly of mirrors for the Mandalay Bay project, as well
23 as other subjects that are relevant to this lawsuit.

24       9.     Keith Cline, P.E., 700 South Industrial Way, Seattle, WA 98108: Mr.
25 Cline is a metallurgical engineer with experience in failure analysis, laboratory
26 testing, consulting, and manufacturing. Among other subjects, Mr. Cline will testify
27

AGREED PRETRIAL ORDER  
CASE NO. 2:16-CV-00665-RAJ

Page 14

Ellis | Li | McKinstry  
Market Place Tower  
2025 First Avenue, Penthouse A  
Seattle, WA 98121-3125  
206.682.0565  Fax: 206.625.1052

regarding the applicable standards for inspection and standards of care in handling for the MirroView product; his inspections of certain mirrors related to the Mandalay Bay project; his review and analysis of the findings of Electric Mirror's expert, Richard McCurdy, Ph.D.; and all other subjects that are relevant to this this lawsuit.

10. William Partin, 400 108th Ave N.E. Suite 615, Bellevue WA 98004: Mr. Partin is a Certified Public Accountant, Accredited in Business Valuation, Master Analyst in Financial Forensics, and Certified Fraud Examiner. He will provide expert testimony in response to Electric Mirror's claim for damages for lost profits and lost business opportunities.

Avalon identifies the following persons as **POSSIBLE** witnesses at trial:

1. Michael Torres c/o Chuck Rullman, Corr Downs PLLC, 100 W. Harrison Street, Suite N440, Seattle, WA 98119, and Rudy Englund, Lane Powell PC, 1420 Fifth Avenue, Suite 4200, Seattle, WA 98101: Mr. Torres is the Chief Financial Officer for Avalon and Glasswerks LA, Inc. Mr. Torres will testify regarding Electric Mirror's failure to pay for $245,639.27 in custom mirror products; and all other subjects that are relevant to this lawsuit.

2. James "Jim" Mischel, Jr., 2112 N 64th St., Seattle, WA 98103: In the event Electric Mirror does not introduce his testimony, Avalon may call Mr. Mischel to testify regarding Electric Mirror's experience in purchasing and processing MirroView; the selection of MirroView for the Mandalay Bay project; rejections by MGM and Bombard of mirrors delivered to Las Vegas for the Mandalay Bay project; Electric Mirror's rebuild of mirrors for the Mandalay Bay project; Electric Mirror's purported economic damages; and all other matters that are relevant to this lawsuit.

3. James "Doc" Mischel, M.D., c/o Kyle Netterfield, Ellis Li McKinstry, 2025 First Avenue, Penthouse A, Seattle, Washington 98121-3125: If Electric Mirror does not introduce his testimony, Avalon may call Dr. Mischel to testify regarding

AGREED PRETRIAL ORDER  
CASE NO. 2:16-CV-00665-RAJ

Page 15

Ellis | Li | McKinstry  
Market Place Tower  
2025 First Avenue, Penthouse A  
Seattle, WA 98121-3125  
206.682.0565  Fax: 206.625.1052

Electric Mirror's experience in purchasing and processing MirroView; the selection of MirroView for the Mandalay Bay project; rejections by MGM and Bombard of mirrors delivered to Las Vegas for the Mandalay Bay project; Electric Mirror's rebuild of mirrors for the Mandalay Bay project; Electric Mirror's purported economic damages; and all other matters that are relevant to this lawsuit.

4.  Michael Andrich, 24120 State Rt. 9 NE, Arlington, WA 98223: In the event Electric Mirror does not introduce his testimony, Avalon may call Mr. Andrich to testify regarding Electric Mirror's experience in purchasing and processing MirroView; rejections by MGM and Bombard of mirrors delivered to Las Vegas for the Mandalay Bay project; Electric Mirror's rebuild of mirrors for the Mandalay Bay project; Electric Mirror's purported economic damages; and all other matters that are relevant to this lawsuit.

5.  Don Jacques, 15614 30th Ave. SE, Mill Creek, WA 98012: In the event Electric Mirror does not introduce his testimony, Avalon may call Mr. Jacques to testify regarding Electric Mirror's experience in purchasing and processing MirroView; rejections by MGM and Bombard of mirrors delivered to Las Vegas for the Mandalay Bay project; Electric Mirror's rebuild of mirrors for the Mandalay Bay project; Electric Mirror's purported economic damages; and all other matters that are relevant to this lawsuit.

6.  Melissa Morgan. Ms. Morgan is a former employee of Electric Mirror. She may be called to testify regarding the selection of MirroView for the Mandalay Bay project; the ordering of MirroView for the Mandalay Bay project; the reasons MGM rejected Electric Mirror's mirrors; Electric Mirror's alleged damages; as well as other subjects that are relevant to this lawsuit.

7.  Michael Magee. Mr. Magee is a former employee of Electric Mirror. He may be called to testify regarding the receipt, inspection, processing, and assembly of

AGREED PRETRIAL ORDER
CASE NO. 2:16-CV-00665-RAJ

Page 16

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

1  mirrors for the Mandalay Bay project; selection of MirroView for the Mandalay Bay
2  project; the reasons MGM rejected Electric Mirror's mirrors; Electric Mirror's alleged
3  damages; as well as other subjects that are relevant to this lawsuit.

4      8.   Irving Bernal, 17556 5th Ave. NE, Shoreline, WA 98155: In the event
5  Electric Mirror does not introduce his testimony, Avalon may call Mr. Bernal to
6  testify regarding the receipt, inspection, processing, and assembly of mirrors for the
7  Mandalay Bay project; selection of MirroView for the Mandalay Bay project; MGM's
8  rejection of Electric Mirror's mirrors; the rebuild of mirrors for the Mandalay Bay
9  project; Electric Mirror's alleged damages; as well as other subjects that are relevant
10 to this lawsuit.

11     9.   Bill Schoonover, 14250 Lake Hills Blvd, Bellevue, WA 98007: In the
12 event Electric Mirror does not introduce his testimony, Avalon may call Mr.
13 Schoonover to testify regarding the receipt, inspection, processing, and assembly of
14 mirrors for the Mandalay Bay project; selection of MirroView for the Mandalay Bay
15 project; the reasons MGM rejected Electric Mirror's mirrors; the rebuild of mirrors for
16 the Mandalay Bay project; Electric Mirror's alleged damages; as well as other subjects
17 that are relevant to this lawsuit.

18     10.  Eddie Nellis, 12212 NE 97th St, Kirkland, WA 98033: In the event
19 Electric Mirror does not introduce his testimony, Avalon may call Mr. Nellis to testify
20 regarding the receipt, inspection, processing, and assembly of mirrors for the
21 Mandalay Bay project; selection of MirroView for the Mandalay Bay project; the
22 reasons MGM rejected Electric Mirror's mirrors; the rebuild of mirrors for the
23 Mandalay Bay project; Electric Mirror's alleged damages; as well as other subjects
24 that are relevant to this lawsuit.

25     11.  Jennifer Ziegler, 9604 180th St SE #A, Snohomish, WA 98296: In the
26 event Electric Mirror does not introduce her testimony, Avalon may call Ms. Ziegler
27

to testify regarding the receipt, inspection, processing, and assembly of mirrors for the Mandalay Bay project; selection of MirroView for the Mandalay Bay project; the reasons MGM rejected Electric Mirror's mirrors; the rebuild of mirrors for the Mandalay Bay project; Electric Mirror's alleged damages; as well as other subjects that are relevant to this lawsuit.

**Others**. Avalon reserves the right to present at trial the testimony of witnesses for whom Avalon has designated their deposition testimony as required by the rules of this Court. Avalon further reserves the right to supplement this witness list and to solicit testimony from all witnesses called to testify by Avalon. Current deposition designations include:

| Deponent | Date of Deposition | Transcript |
|---|---|---|
| Beeman, Allen | July 16, 2018 | Marked: October 10, 2018 |
| Bernal, Irving | February 2, 2018 | Marked: October 10, 2018 |
| Boyd, Travis | March 7, 2018 | Marked: October 10, 2018 |
| Erickson, Patrick | March 8, 2018 | Marked: October 10, 2018 |
| Gallagher, Patrick | March 21, 2018 | Marked: October 10, 2018 |
| Gould, Dan | March 7, 2018 | Marked: October 10, 2018 |
| Hernandez, Robert | March 7, 2018 | Marked: October 10, 2018 |
| House, Robert | January 4, 2018 | Marked: October 10, 2018 |
| Johnson, Jim | March 8, 2018 | Marked: October 10, 2018 |
| Kaiser, Barris | January 4, 2018 | Marked: October 10, 2018 |

## VII.  TRIAL EXHIBITS

A worksheet identifying the parties' trial exhibits, including stipulations to authenticity and admissibility is attached to and filed with this Order.

AGREED PRETRIAL ORDER
CASE NO. 2:16-CV-00665-RAJ

Page 18

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052

## VIII. ACTION BY THE COURT

A. This case is scheduled for trial without a jury on November 13, 2018 at 9:00am

B. Trial briefs and deposition designations must be submitted to the Court on or before November 6, 2018.

C. The parties will disclose the identity of their proposed witnesses by the close of trial, the day before the scheduled appearance for that witness, with the exception that witnesses for a given Monday will be identified no later than 5:00 p.m. on Friday. Tuesday's witnesses would be disclosed no later than 5:00 p.m. on Sunday.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED the ____ day of November, 2018.

_____
JUDGE RICHARD A. JONES

FORM APPROVED:

| ELLIS, LI & McKINSTRY PLLC | CORR DOWNS PLLC |
|---|---|
| By: *s/ Kyle D. Netterfield* | By: *s/ Charles P. Rullman* |
| Kyle D. Netterfield WSBA No. 27101 | Charles P. Rullman WSBA No. 42733 |
| J. Connor Rankin WSBA No. 52514 | 100 West Harrison Street, Ste N440 |
| 2025 First Avenue PHA | Seattle, WA 98119 |
| Seattle, WA 98121 | Telephone: (206) 962-5040 |
| Telephone: (206) 682-0565 | Fax: |
| Fax: (206) 625-1052 | Email: crullman@corrdowns.com |
| Email: knetterfield@elmlaw.com | Attorney for Defendants |
| Attorney for Plaintiff | |

LANE POWELL PC

By: *s/ Rudy Englund*

Rudy Englund WSBA No. 04123
1420 Fifth Avenue, Suite 4200
Seattle, WA 98101
Telephone: (206) 223-7000
Fax: (206) 223-7107
Email: englundr@lanepowell.com
Attorney for Defendants

AGREED PRETRIAL ORDER    Page 20
CASE NO. 2:16-CV-00665-RAJ

Ellis | Li | McKinstry
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206.682.0565  Fax: 206.625.1052